Argued and submitted July 8, 2020, reversed and remanded September 9, 2021, petition for review denied January 20, 2022 (369 Or 209)

Katharine HARVICK,
*Plaintiff-Appellant,*

*v.*

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
an Illinois corporation
authorized to do business in Oregon,
*Defendant-Respondent.*

Multnomah County Circuit Court
18CV04886; A170220

495 P3d 182

Richard Maizels, Judge pro tempore.

Alexander W. Pletch argued the cause for appellant. Also on the briefs was Rizk Law, P.C.

Ralph C. Spooner argued the cause for respondent. Also on the brief were David E. Smith and Spooner & Much, PC.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

This case is a companion to *Padilla v. State Farm Mutual Automobile Ins. Co.*, 314 Or App 300, 499 P3d 100 (2021), decided this day. On August 15, 2016, plaintiff was a pedestrian in a crosswalk when she was struck by a vehicle insured by defendant State Farm Mutual Automobile Insurance Company. Plaintiff sustained substantial personal injury and damages, including, as relevant here, wage loss that persisted for more than 104 weeks.

The parties agree plaintiff's injuries entitled her to benefits afforded under Oregon law for personal injury protection benefits, including wage-loss benefits. As required under ORS 742.526(1)(e), plaintiff received 52 aggregate weeks of wage loss from her own insurer. When her insurance exhausted, and while she met the requisite threshold for wage-loss payments, plaintiff filed proof of loss with State Farm requesting wage-loss benefits under the applicable insurance policy. State Farm denied coverage, claiming that the 52-aggregate-week limitation for wage loss benefits imposed under ORS 742.524(1)(b) applies to all applicable insurance policies; therefore, State Farm contended, it had no obligation to afford wage-loss coverage for plaintiff's additional losses. State Farm prevailed in the trial court on that issue, on summary judgment, and this appeal followed.

The issue presented here is identical in all respects to the issue resolved in *Padilla*. As we explained in *Padilla*, the 52-week limit imposed by ORS 742.524(1)(b) applies to a single policy, and the presence of an excess policy therefore allows for additional benefits—that is, utilizing an excess insurance policy to receive wage benefits beyond 52 weeks. Accordingly, we reverse and remand.

Reversed and remanded.